[No. 1507.]
DUNKLEE v. ROSE ET AL.

PLEADING—COMPLAINT—FRAUDULENT CONVEYANCE.
A complaint to set aside a voluntary conveyance by a judgment creditor which alleges that the conveyance was voluntary and without consideration, and that the conveyance of the property rendered the grantor insolvent and left her without means to pay her debts, sufficiently alleges a constructive fraud to sustain the cause of action.

*Appeal from the District Court of Arapahoe County.*

Mr. O. E. JACKSON, for appellant.

Mr. GEO. F. DUNKLEE, *pro se.*

Mr. B. F. HARRINGTON, for appellees.

BISSELL, J.

This case comes here on a judgment entered on a demurrer to the complaint. We do not intend to pursue this case at great length, nor to set up as fully and state as clearly and precisely the reasons for our judgment, as would be necessary

under ordinary circumstances. This case is but a companion to one decided at the present term of the court and handed down at the same time. That case is known on our docket as No. 1414, and is *Rose et al. v. Dunklee.* In this, Dunklee is the appellant and Rose and Harriet A. Harvey are the appellees. The very full discussion and analysis of the various propositions of law on which the case turns, and by which it must be governed, were so fully and entirely settled in the antecedent opinion that it is only necessary in this to state briefly the basis of our conclusions.

In the present case the plaintiff, Dunklee, stated the commencement of the suit by Otis, its trial, and the overruling of a motion for a new trial, the entry of judgment, the filing of a transcript in the office of the county clerk and recorder, an appeal to this court and affirmance of the judgment, and the issuance of a remittitur. The pleader then states that in January, 1895, an execution was issued in due form and returned *nulla bona*. The judgment remained unpaid, and in October, 1895, an alias execution was issued against the property of Elizabeth Rose which he levied on certain property, the title to which then stood and now stands in the name of Mrs. Harvey. The pleader then goes on to allege a voluntary conveyance from Mrs. Rose to Mrs. Harvey, that it was filed for record with a description of the property. The pleader then proceeds to state that Otis was a creditor of Mrs. Rose and had been for a long time engaged in the vigorous prosecution of his suit to judgment in which form the claim was ultimately entered. It is then charged that the conveyance was made by the defendant Rose to hinder, delay, and defraud her creditors, and especially the claim and judgment of Otis. He then charges that neither he nor his assignor Otis had discovered the fraud until within the three years next preceding; he then proceeds to set up facts with reference to the disposition which Mrs. Rose had made of all of her property. It sets out the amount of her indebtedness and charges that the conveyance of the property to Mrs. Riddle rendered her hopelessly and entirely insolvent and left

her without means to pay her debts. It then charges that neither he nor his assignor learned of the existence of this indebtedness in favor of Mrs. Riddle until it was discovered in 1895,on the trial of a suit between the parties in which the transfer was set up, its *bona fides* attempted to be proven, and which being established left Mrs. Rose according to the pleader's contention wholly without means or property to pay and satisfy her debts. The demurrer to this complaint was sustained and the case is here presented on precisely the same theory and on the same hypothesis and contentions set up and asserted in the suit of Dunklee just decided. The main reliance is on the statute of limitation. What we determined concerning the applicability of the statute and its proper construction in that case is fully demonstrative of the sufficiency of this complaint. The appellees insist that the statement of the facts constituting the fraud and the nature of the discovery are not sufficiently alleged to comply with the requirements of the rule expressed in the various cases in the state. This we cannot concede. As we look at it, where a bill is filed to set aside a conveyance which as between the parties is absolutely good and is only constructively fraudulent as against the creditor filing the bill, of necessity there can be no such accurate and exact statement of the facts constituting the fraud as would be necessary and possible where the fraud was an active one participated in by the parties to the injury of the complaining person. A conveyance which is good as between the parties and rests on a good consideration is an absolutely valid transfer except as against existing creditors. The only basis on which the creditor can complain is by alleging and proving that although the transaction was fair and honest as between the parties, yet it is invalid as against him because the law makes such a conveyance fraudulent where it is made without consideration and the party making it thereby deprives herself entirely of the means to liquidate her honest debts existing at the time of the transfer. Evidently those facts are not matters which are susceptible of allegation and proof otherwise than by the

allegations necessary to exhibit and support the averment and contention that in fact the transfer was without consideration and that at the time it was executed the party thereby, or by means of other conveyances, had become wholly insolvent and unable to liquidate her obligations. The fraud is a constructive one and the allegations respecting it must necessarily be less complete, less accurate in many particulars than in case of an active fraud which has wrought injury to the complaining party. We think the complaint exhibits a case which sustained by proof supporting its allegations and not overcome by the defendant's evidence, might warrant a decree.

We shall therefore reverse the case and send it back with directions to the court below to permit the defendant to file such answer as she may be advised, presenting whatever issues her case warrants, and then on the proofs determine what decree shall be entered.

*Reversed.*